**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0630-18T2

JOHN ALDRIDGE,

     Plaintiff-Respondent,

v.

BM MOTOR CARS,

     Defendant-Appellant.

Submitted October 8, 2019 – Decided November 12, 2019

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-009011-18.

Jardim Meisner & Susser PC, attorneys for appellant (Thomas Christoph Jardim, of counsel and on the briefs; Scott D. Salmon, on the briefs).

John Aldridge, respondent pro se (John Aldridge and Paul Nicholas De Petris, on the brief).

PER CURIAM

Defendant BM Motor Cars appeals from the September 6, 2018 judgment entered for plaintiff John Aldridge after a bench trial. The trial judge based his damages award entirely on two estimates for repairs presented by defendant. Because these documents were hearsay and admitted in error, and plaintiff failed to provide any other evidence regarding his damages, plaintiff has not supported his claim. Therefore, we reverse and remand to the trial court to vacate the judgment award and enter judgment in favor of defendant.

Prior to purchasing a 2014 Maserati from defendant, plaintiff noted there were some dents and scratches on the car. Defendant agreed to fix the dents and scratches and to paint certain portions of the vehicle, which it did over a period of several weeks.

Plaintiff claimed that after he picked up the car, the paint began to chip. He did not return to defendant to discuss the issue, but instead obtained estimates from two auto body shops for repairs. He thereafter instituted suit, alleging breach of contract and seeking $9082 in damages.[1]

When the parties appeared for trial in the Special Civil Part, plaintiff increased his demand for damages to $15,000, now including charges for a rental car he used while defendant was repairing and painting the Maserati. Defense

---

[1] The estimates were in the amount of $18,137.81 and $14,882.46.

A-0630-18T2

counsel objected to the admission of the estimates as hearsay. The judge admitted the estimates into evidence, relying on Rule 1:1-2, and finding it was in the interest of justice to relax the rules.

Although plaintiff testified the paint had chipped on the rear doors, front panels and front bumper, the estimates contained charges for proposed work to the radiator, windshield, mirrors, headlamps, luggage lid and the removal and installation of the wheels. Plaintiff conceded many of the listed items of work in the estimates were unrelated to the re-painting of specific chipped areas.

Defendant produced its general manager who described the work done on the vehicle to repair dents and scratches. The witness also informed the court that plaintiff had rejected his offer to repaint the vehicle free of charge, filing suit instead. The general manager stated his estimate to repaint the particular chipped areas would be $500.

Following the completion of testimony, the judge found that, although there was no initial obligation for defendant to fix the car, there was an oral promise made by defendant to repair the dents and scratches, and plaintiff relied upon that promise in his purchase of the vehicle. The judge stated defendant assumed the responsibility of repairing the car and failed to perform its part of the bargain when the newly painted parts began to chip.

3

In addressing damages, the judge determined that plaintiff was entitled to have the damaged portions of the Maserati repainted. In considering a dollar figure of damages, the judge acknowledged plaintiff's failure to produce a witness to testify about the "high-priced" estimates. He also found the estimates to be unreasonable. Because of these findings, the judge determined plaintiff was entitled to only half of the lower estimate – $7,441.23 – and six days of rental car charges – $190.08 – for a total judgment of $7,631.31.[2]

On appeal, defendant argues that the judge erred in admitting the damage estimates as the documents were hearsay, and in fashioning a remedy that bore no relation to plaintiff's actual damages.

Our review of a trial court's findings in a bench trial is limited. We will not disturb such findings unless "'they are so wholly insupportable as to result in a denial of justice' . . . ." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974) (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div. 1960)). Such findings "are considered binding on appeal when supported by adequate, substantial and credible evidence." Id. at 484 (citing N.J. Turnpike Auth. v. Sisselman, 106 N.J. Super. 358 (App. Div. 1969)). We review an evidentiary ruling for an abuse of discretion. Estate of Hanges v.

_____

[2] With the addition of $107 in court costs, the total judgment was $7,738.31.

A-0630-18T2

Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008)).

Defendant contends the damages estimates were impermissible hearsay. We agree.

N.J.R.E. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Hearsay is inadmissible except as provided by the evidence rules or by other law. N.J.R.E. 802.  Here, since the estimates plaintiff relied upon were statements made outside of court, offered to prove his alleged damages, the estimates were inadmissible hearsay.

When defendant objected to the documents' admission, plaintiff did not present any hearsay exception for their admissibility.  Instead, the trial judge overruled the objection, finding Rule 1:1-2 permitted him to "relax the rules in the interests of justice."

Rule 1:1-2 is a New Jersey Court rule.  It sets forth "the guiding principle for interpretation and application of the court rules" as "the achievement of procedural due process in the service of substantial justice on the merits." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:1-2 (2019).  It is not a basis under which the court may dispense with an applicable evidence rule.

A-0630-18T2

Here, the trial judge acknowledged the estimates were "high-priced," and unreasonable because they contained charges for repairs to numerous items unrelated to the chipped paint and the documents were unsupported by any testimony. The judge's skepticism of the reasonableness of the estimates was reflected in his decision to award half of the lesser estimate.

That award, however, is unsupported by any credible evidence in the record. Plaintiff was not an auto body expert. The estimates were inadmissible evidence. Moreover, defendant offered to repaint the car at no cost to plaintiff. Without any further proofs, plaintiff has not established he suffered any damage. Therefore, we are constrained to reverse and vacate the judgment.

Reversed, vacated and remanded to the trial court for the entry of judgment in favor of defendant.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0630-18T2